IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN J. DRISCOLL, Individually and on Behalf of all Others Similarly Situated, </br></br>   Plaintiff,</br></br>vs.</br></br>PFIZER, INC., and PHARMACIA CORPORATION,</br></br>   Defendants. | )</br>)</br>)</br>)</br>)</br>)  CIVIL NO. 05-252-GPM</br>)</br>)</br>)</br>)</br>) |

# **MEMORANDUM AND ORDER**

**MURPHY, Chief District Judge:**

Plaintiff filed a putative class action in state court on the morning of February 18, 2005. Just over one hour later, President Bush signed the Class Action Fairness Act of 2005 (CAFA), Pub. L. 109-2, 119 Stat. 4 (2005), into law. Defendants removed the action to this Court, claiming that diversity jurisdiction is satisfied under the less stringent requirements of the CAFA. *See* 28 U.S.C. § 1332(d)(2).

"The CAFA permits defendants to remove certain class actions to federal court if minimal diversity of citizenship exists. Section 9 of the Act tells us that it applies to suits 'commenced on or after the date of enactment of this Act.' That date is February 18, 2005." *Knudsen v. Liberty Mutual Ins. Co.*, 411 F.3d 805, 806 (7th Cir. 2005). The Seventh Circuit Court of Appeals has made it clear, relying on the Tenth Circuit Court of Appeals' decision in *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090 (10th Cir. 2005), that a civil action is "commenced" for purposes of § 9 when it is filed in state court. *Knudsen*, 411 F.3d at 806.

The question presented in Plaintiff's motion to remand and that this Court must decide is whether the CAFA is applicable to this action that was filed on the date of enactment but before the President signed it into law. Defendants attached to their response two orders issued by the United States District Court for the Western District of Oklahoma addressing the very issue presented here. The Court has been unable to find any published authority on the issue.

Having reviewed the arguments presented by the parties, the cases submitted by Defendants, and all of the relevant authority, the Court finds persuasive Judge Heaton's analysis in *Isaacs v. Pfizer, Inc.*, No. CIV-05-0426-HE (W.D. Okla. June 21, 2005) (*see* Doc. 15, Att. 2). This Court simply is not persuaded by Plaintiff's argument that the language of the CAFA requires the Court to consider fractions of a day to determine whether he filed suit before the CAFA became effective. The statute became effective on February 18th, and this is the point. Plaintiff's argument might fare better if the CAFA was a statute that, by its terms, was immediately effective upon being signed into law. But that is not what the statute says. It says that it shall apply to any civil action commenced on or after *the date* of its enactment. At first, the Court was surprised by the dearth of cases addressing the issue presented here. But with continued research, the result and the reason for the result becomes clear. Not surprisingly, several cases address the removability of suits filed in state court on February 17, 2005. *See, e.g., Pfizer v. Lott*, 417 F.3d 725 (7th Cir. 2005); *Bush v. Cheaptickets, Inc.*, No. 05-55995, 2005 WL 2456926 (9th Cir. Oct. 6, 2005); *Brown v. Kerkhoff*, No. 4:05 CV 00274 JEG, 2005 WL 2671529 (S.D. Iowa Oct. 19, 2005); *Alsup v. 3-Day Blinds*, No. Civ. 05-287-GPM, 2005 WL 2094745 (S.D. Ill. Aug. 25, 2005). In *Bush*, the Ninth Circuit Court of Appeals specifically concluded that because the plaintiff filed his suit in state court on February 17th, he "commenced" the suit one day before the CAFA was effective; therefore, remand was appropriate. 2005 WL 2456926 at *5. In *Brown*, the District Court rejected the defendant's

argument that the complaint was properly filed on February 18th and found that the action was commenced on February 17th, one day before the CAFA became effective. The effective date language in the CAFA is clear. This action was commenced on February 18, 2005; therefore, the CAFA applies. Judge Posner has noted that pharmaceutical and other companies that pressed for the enactment of the CAFA "were doubtless acutely aware, as the bill that became the statute was wending its way through Congress en route to enactment, that the prospect of its enactment would spur the class action bar to accelerate the filing of state-law class actions in state courts." *Pfizer*, 417 F.3d at 727. While the Court is sympathetic to the fact that Plaintiff was one day late in filing his claim for purposes of keeping it in state court, there has to be a cutoff at some point. Congress clearly established that cutoff as February 17th.

Having found the CAFA applicable, the Court has carefully considered the allegations in Defendants' notice of removal and finds them sufficient to establish jurisdiction, with one exception. For purposes of diversity jurisdiction, "citizenship means domicile, not residence," *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (per curiam), and this Court follows the Court of Appeals' admonition that an allegation based upon "information and belief" is insufficient to establish diversity of citizenship jurisdiction, *id*. Accordingly, Defendants' allegation that "[o]n information and belief, the named Plaintiff is, and was at all relevant times, a citizen of the state of Illinois" (Doc. 1, p. 2, *citing* portion of Complaint wherein Plaintiff alleges that at all relevant times he was a resident of Fairview Heights, Illinois) is insufficient to establish that Plaintiff is a citizen of a State different from any Defendant. *See* 28 U.S.C. § 1332(d)(2)(a); *see also* Doc. 1, p. 2. Accordingly, Defendants are **ORDERED** to file a one-paragraph Amendment to the Notice of Removal **on or before November 1, 2005**, to set forth Plaintiff's citizenship at the time of the commencement of this action. The Court considers this defect to be procedural at this point

and expects that it will be cured. Therefore, the Court will not withhold ruling on the motion to remand, which did not raise this issue.

For the foregoing reasons, the Court finds that the CAFA applies to this action that was filed in state court on February 18, 2005, albeit over one hour before President Bush signed the legislation into law, because of the plain language of § 9 of the Act. Therefore, Plaintiff's motion to remand (Doc. 9) is **DENIED**.

Finally, the Judicial Panel on Multidistrict Litigation has issued a Conditional Transfer Order (CTO) in this case transferring this action to the United States District Court for the Northern District of California for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. According to the Northern District of California's PACER system, as of this date, the transfer order has not been filed in that court. Accordingly, the transfer is not yet effective, and this Court retains jurisdiction to dispose of the aforementioned motion to remand. *See* Rule of Procedure of the Judicial Panel on Multidistrict Litigation 1.5. However, in light of the pending CTO and in light of Plaintiff's recent withdrawal of his opposition to and joinder in Defendants' motion to stay this action pending transfer, this action is **STAYED** pending transfer to the United States District Court for the Northern District of California, with the exception that Defendants shall file their Amendment to the Notice of Removal as set forth above. Consequently, Defendants' motion to stay (Doc. 16) and Plaintiff's motion to withdraw his opposition thereto (Doc. 26) are **GRANTED.**

**IT IS SO ORDERED.**

DATED:  10/25/05

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge